# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

WILLIE MANNING, JR. and
TJUANNA M. MANNING,

    Plaintiffs,

v.

FLAGSTAR BANK, FSB, *et als*.,

    Defendants.

Case No. 1:14-cv-01649-TSE-TCB

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FLAGSTAR BANK, FSB TO PLAINTIFF'S COMPLAINT

Defendant Flagstar Bank, FSB ("Flagstar") hereby responds to the Complaint of Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning (together "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

1. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION

2. The allegations contained in this paragraph constitute conclusions of law to which no response is required.

3. The allegations contained in this paragraph constitute conclusions of law to which no response is required.

## PARTIES

4. The allegations contained in this paragraph constitute conclusions of law to which no response is required.

5. The allegations contained in this paragraph constitute conclusions of law to which no response is required.

6. Denied as stated. Flagstar admits only that it is a federally chartered savings bank and its business includes mortgage origination and servicing. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the remaining allegations are denied.

7. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

8. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

10. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

11. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

13. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

14. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

15. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

**FACTS**

16. Admitted only that on January 20, 2009, Plaintiffs executed a promissory note (the "Note") and a Deed of Trust ("Deed of Trust"). The Note and Deed of Trust are documents in writing, and any inconsistent characterizations thereof are denied.

17. Denied. Rather, Flagstar is no longer the servicer of Plaintiffs' mortgage.

18. Denied.

19. Admitted only that Plaintiffs entered into a Loan Modification Agreement. Further responding, the Loan Modification Agreement is a document in writing, and any inconsistent characterizations thereof are denied.

20. Denied.

21. Flagstar admits only that foreclosure proceedings began in June 2010. The remaining allegations are denied.

22. Flagstar admits only that Plaintiffs made certain calls and sent letters to Flagstar seeking information. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

23. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

24. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in

this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

25. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

26. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

27. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

28. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

29. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

30. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

31. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied. Further responding, the allegations in this paragraph purport to characterize documents in writing that speak for themselves, and any inconsistent characterizations thereof are denied.

32. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

33. Denied.

34. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph as they are directed to the credit reporting agencies, and therefore, they are deemed denied.

35. Flagstar denies that it was incorrectly reporting the account. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph as they are directed to the credit reporting agencies, and therefore, they are deemed denied.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN, TRANSUNION AND EQUIFAX)

36. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. – 40. The allegations in these paragraphs are directed to defendants other than Flagstar, and therefore no response from Flagstar is required. Further responding, the allegations contained in these paragraphs constitute conclusions of law to which no response is required. To the extent that a response from Flagstar is required, it responds as follows: Denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(1)
## (EXPERIAN, TRANSUNION AND EQUIFAX)

41. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. – 45. The allegations in these paragraphs are directed to defendants other than Flagstar, and therefore no response from Flagstar is required. Further responding, the allegations contained in these paragraphs constitute conclusions of law to which no response is required. To the extent that a response from Flagstar is required, it responds as follows: Denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(2)(A)
## (EXPERIAN, TRANSUNION AND EQUIFAX)

46. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. – 50. The allegations in these paragraphs are directed to defendants other than Flagstar, and therefore no response from Flagstar is required. Further responding, the allegations contained in these paragraphs constitute conclusions of law to which no response is required. To the extent that a response from Flagstar is required, it responds as follows: Denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EXPERIAN, TRANSUNION AND EQUIFAX)

51. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. – 55. The allegations in these paragraphs are directed to defendants other than Flagstar, and therefore no response from Flagstar is required. Further responding, the allegations contained in these paragraphs constitute conclusions of law to which no response is required. To the extent that a response from Flagstar is required, it responds as follows: Denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EXPERIAN, TRANSUNION AND EQUIFAX)

56. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

57. – 60. The allegations in these paragraphs are directed to defendants other than Flagstar, and therefore no response from Flagstar is required. Further responding, the allegations contained in these paragraphs constitute conclusions of law to which no response is required. To the extent that a response from Flagstar is required, it responds as follows: Denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b)(1)(A)
## (FLAGSTAR)

61. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

62. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

63. Admitted that Flagstar uses the e-Oscar system. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, they are deemed denied.

64. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, they are deemed denied.

65. Admitted that Flagstar receives credit reporting disputes for investigation from credit reporting agencies through the e-Oscar system. All remaining allegations are denied.

66. Admitted that Flagstar receives credit reporting disputes for investigation from credit reporting agencies through the e-Oscar system. All remaining allegations are denied.

67. After reasonable investigation, Flagstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

68. After reasonable investigation, Flagstar is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph; therefore, they are denied.

69. Admitted that Flagstar received at least one ACDV dispute through the e-Oscar system, to which it responded. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph because they pertain to actions by the credit reporting agencies; therefore, they are deemed denied.

70. Denied as stated. Rather, upon receipt of a credit dispute from a credit reporting agency, Flagstar reviews the disputed information identified by the credit reporting agency. Flagstar has no way to know what Plaintiffs might have told the credit reporting agencies.

71. Admitted that Flagstar can review its records in investigating a credit reporting dispute. Denied that Flagstar was incorrectly reporting the account.

72. Denied.

73. Denied.

74. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

76. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

77. Admitted that Flagstar is aware of the pertinent legal authority regarding the FCRA. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

78. Admitted that Flagstar has been named a defendant in prior lawsuits where the plaintiffs have asserted FCRA claims. Denied that Flagstar has violated the FCRA. Any remaining allegations are denied.

79. Admitted that Flagstar has procedures and it intends that its employees follow these procedures. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

80. Admitted that Flagstar has procedures and it intends that its employees follow these procedures. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

81. Admitted that Flagstar has not changed its procedures based on Plaintiffs' credit disputes, because it is denied that Flagstar violated the FCRA and it is denied that Flagstar was incorrectly reporting the account.

82. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b)(1)(B)
## (FLAGSTAR)

83. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

84. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

85. Admitted that Flagstar receives credit reporting disputes for investigation from credit reporting agencies through the e-Oscar system. All remaining allegations are denied.

86. Admitted.

87. Admitted.

88. Denied as stated. Rather, Flagstar's understanding of any given ACDV is depending on the specific information contained in that particular ACDV. The ACDVs speak for themselves, and any inconsistent characterizations thereof are denied. All remaining allegations are denied.

89. Denied.

90. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

91. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

92. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

# COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
# 15 U.S.C. §1681s-2(b)(1)(C) and (D)
# (FLAGSTAR)

93. Flagstar incorporates by reference the foregoing paragraphs as if fully set forth herein.

94. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

95. Denied.

96. Denied.

97. Admitted that Flagstar was aware that Plaintiffs disputed the reporting of the account. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

98. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

99. Denied.

100. Admitted that Flagstar is aware of the pertinent legal authority regarding the FCRA. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

101. Admitted that Flagstar has been named a defendant in prior lawsuits where the plaintiffs have asserted FCRA claims. Denied that Flagstar has violated the FCRA. Any remaining allegations are denied.

102. Admitted that Flagstar has procedures and it intends that its employees follow these procedures. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

103. Admitted that Flagstar has procedures and it intends that its employees follow these procedures. Denied that Flagstar violated the FCRA and denied that Flagstar was incorrectly reporting the account. Any remaining allegations are denied.

104. Admitted that Flagstar has not changed its procedures based on Plaintiffs' credit disputes, because it is denied that Flagstar violated the FCRA and it is denied that Flagstar was incorrectly reporting the account.

105. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

106. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

107. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

### **AFFIRMATIVE DEFENSES**

Flagstar incorporates by reference its Answer as if fully set forth at length herein.

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claims upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Flagstar at all times relevant hereto complied with all applicable standards, policies and federal, state and other regulations and laws.

### THIRD AFFIRMATIVE DEFENSE

Flagstar complied with the FCRA and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Flagstar acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable state Constitutions, and common law.

### FIFTH AFFIRMATIVE DEFENSE

Flagstar's statements, if any, concerning Plaintiff were true or substantially true.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are speculative and form no basis for recovery.

### SEVENTH AFFIRMATIVE DEFENSE

There is no causal relationship between Flagstar's conduct as described in the Complaint and any injuries or damages allegedly sustained by Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are the result of acts or omissions committed by other parties over whom Flagstar has no responsibility or control.

### NINTH AFFIRMATIVE DEFENSE

Flagstar did not commit any intentional, willful, or malicious acts.

### TENTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demands for punitive damages, Flagstar incorporates by reference all standards of limitations regarding the determination and enforceability of

punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

### ELEVENTH AFFIRMATIVE DEFENSE

Flagstar reserves its right to set forth additional defenses if and when additional facts become known.

WHEREFORE, Defendant Flagstar Bank, FSB demands judgment in its favor and against Plaintiffs, Willie Manning, Jr. and Tjuanna M. Manning, together with any all other and further relief as this Court deems appropriate.

Dated: April 13, 2015

    /s/ Zeenat Asra Iqbal
Zeenat Asra Iqbal (VSB # 83213)
Stradley Ronon Stevens & Young LLP
1250 Connecticut Ave NW, Suite 500
Washington, DC 20036
Phone: 202-822-9611
Fax: 202-822-0140
Email: ziqbal@stradley.com

*Attorney for Plaintiff, Flagstar Bank, FSB*

# CERTIFICATE OF SERVICE

I, Zeenat Asra Iqbal, Esquire, hereby certify that on April 13, 2015, I caused a true and correct copy of the foregoing to be served upon the following individuals via the Court's electronic service system:

David Neal Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 2329
Telephone: 804-697-5410
Facsimile: 804-698-5118
Email: david.anthony@troutmansanders.com

*Counsel for Experian Information Solutions, Inc.*

Susan M. Rotkis, #40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com

*Counsel for Plaintiffs*

John Willard Montgomery, Jr.
John W. Montgomery Jr. Attorney PLC
2116 Dabney Rd., Suite A-1
Richmond, VA  23230
Telephone: 804-355-8744
Facsimile: 804-355-8748
Email: jmontgomery@jwm-law.com

*Counsel for Equifax Information Services, LLC*

Gibson Sinclair Wright
Michael R. Ward
Morris & Morris PC
11 South 12th Street, 5th Floor
Richmond, VA  23219
Telephone: 804-344-6314
Facsimile: 804-344-8359
Email: gwright@morrismorris.com
Email: mward@morrismorris.com

*Counsel for Trans Union, LLC*


/s/ Zeenat Asra Iqbal
Zeenat Asra Iqbal